959 So.2d 986 (2007)
Melanie MATHIES and Lionel Mathies
v.
Rayette BLANCHARD and Allstate Insurance Company.
No. 2006 CA 0559.
Court of Appeal of Louisiana, First Circuit.
February 21, 2007.
*987 Sean Fagan, Chad Dudley, Baton Rouge, Counsel for Plaintiffs/Appellees Melanie Mathies and Lionel Mathies.
Robert L. Manard, Paul E. Mayeaux, New Orleans, Counsel for Defendant/Plaintiff-in-Cross-Claim/Appellant Rayette Blanchard.
Robert J. Burns, Jr., Baton Rouge, Counsel for Defendant/Defendant-in-Cross-Claim/Appellee Allstate Insurance Company.
Donald R. Smith, Baton Rouge, Counsel for Defendants/Appellees Rayette Blanchard and Allstate Insurance Company.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
McCLENDON, J.
This appeal challenges the action of a trial court in sustaining a dilatory exception raising the objection of prematurity. We affirm.

BACKGROUND
On August 24, 2004, vehicles driven by Melanie Mathies, Rayette Blanchard and Melissa Broussard were involved in a collision on Interstate 12 in Denham Springs, Louisiana. On March 22, 2005, after settling her claims with her uninsured/underinsured carrier, Mrs. Mathies filed this lawsuit against Ms. Blanchard and her liability insurer, Allstate Insurance Company. Mr. Mathies joined the lawsuit, asserting a loss of consortium claim. The Mathieses indicated their intent to pursue an excess judgment against Ms. Blanchard.
Ms. Blanchard filed a cross-claim against Allstate, alleging that Allstate's failure to settle the Mathieses' claims within the limits of the liability policy was unreasonable, arbitrary and capricious. She further averred that Allstate's "bad faith claims adjustment" exposed her to an excess judgment in the underlying lawsuit. Ms. Blanchard sought to recover general and special damages, statutory penalties and attorney fees pursuant to LSAR.S. 22:1220, costs and interest.
In response, Allstate filed a dilatory exception raising the objection of prematurity. Therein, Allstate asserted that Ms. Blanchard's cause of action for bad faith failure to settle the claim within the policy limits had not yet arisen because no excess judgment had been rendered. Allstate posited that the cross-claim demanded reimbursement for damages Ms. Blanchard had not yet suffered and was by definition premature. The trial court agreed and sustained Allstate's objection of prematurity, dismissing Ms. Blanchard's cross-claim without prejudice. The judge concluded that Ms. Blanchard would not be prejudiced by having her bad faith *988 claim deferred until the underlying lawsuit was decided; however, there could be substantial prejudice to Allstate in litigating the main demand and the bad faith demand simultaneously. From this judgment, Ms. Blanchard appealed.[1]

PREMATURITY
Louisiana Code of Civil Procedure article 926(A)(1) provides for the dilatory exception raising the objection of prematurity. The objection is designed to retard the progress of the action rather than to defeat it. LSA-C.C.P. art. 923. A suit is premature if it is brought before the right to enforce the claim sued on has accrued. LSA-C.C.P. art. 423. The objection of prematurity raises the issue of whether the judicial cause of action has yet come into existence because some prerequisite condition has not been fulfilled. Eusea v. Blanchard, 04-1855, pp. 3-4 (La. App. 1 Cir. 2/11/05), 899 So.2d 41, 43. The viability of the exception is determined by the facts existing at the time the lawsuit is filed. Id.
A liability insurer is the representative of the interests of its insured, and when handling a claim against its insured, the insurer must carefully consider not only its own self-interest, but also its insured's interest, to protect the insured from exposure to excess liability. Smith v. Audubon Insurance Company, 95-2057, pp. 7-8 (La.9/5/96), 679 So.2d 372, 376. In light of this principle, this court has held that an insurer who fails to deal in good faith with a claim against its insured may be held liable to its insured for all or part of any excess judgment, as well as the insured's attorney fees and consequential damages. Lafauci v. Jenkins, 01-2960, pp. 13-14 (La.App. 1 Cir. 1/15/03), 844 So.2d 19, 29, writ denied, 03-0498 (La.4/25/03), 842 So.2d 403; Maryland Casualty Company v. Dixie Insurance Company, 622 So.2d 698, 702-03 (La.App. 1 Cir.), writ denied, 629 So.2d 1138 (La. 1993); Domangue v. Henry, 394 So.2d 638, 640-41 (La.App. 1 Cir.1980), writ denied, 399 So.2d 602 (La.1981). See also Shelby McKenzie & H. Alston Johnson, III, 15 Louisiana Civil Law Treatise-Insurance Law and Practice § § 218-220 (1986) (discussing the evolution of the cause of action against an insurer for bad faith failure to settle a claim against its insured that exposes its insured to an excess judgment).
While Louisiana courts have recognized a cause of action against an insurer for bad faith failure to settle a claim against its insured within the policy limits, no Louisiana court has been called upon to determine when the right to enforce the cause of action arises. However, numerous courts in other jurisdictions have squarely addressed the issue, and have repeatedly held that an excess judgment is a prerequisite to an action for bad faith failure to settle a claim against an insured within the policy limits. See Romstadt v. Allstate Insurance Company, 59 F.3d 608, 611 (6 Cir.1995); Kelly v. Williams, 411 So.2d 902, 904 (Fla.App. 5 Dist.1982); Crabb v. National Indemnity Company, 87 S.D. 222, 231, 205 N.W.2d 633, 638 (S.D.1973); Amoco Oil Company v. Reliance Insurance Company, 1998 WL 187336 (W.D.Mo.4/14/98); Ragas v. MGA Insurance Company, 1997 WL 79357 (E.D.La.2/21/97).
We agree with the consistent line of reasoning from the authorities cited above and hold that a right to enforce the cause of action for damages, based on an *989 insurer's bad faith failure to settle a claim against its insured within the policy limits, does not arise until the entry of a judgment against the insured in excess of the policy limits. It is the entry of the judgment on the principal demand in excess of the policy limits that harms the insured and gives rise to the right to enforce the cause of action for damages. In the absence of an excess judgment, Ms. Blanchard cannot prove the full extent of the actual damages to her, and thus, her claim for damages against Allstate is premature.[2] Therefore, the trial court correctly sustained Allstate's dilatory exception raising the objection of prematurity.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Rayette Blanchard.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I respectfully dissent from the majority opinion. As a preliminary matter, the opinion does not address the insured's alleged claim for penalties pursuant to La. R.S. 22:1220. In Sultana Corporation v. Jewelers Mutual Insurance Company, 03-0360 (La.12/3/03), 860 So.2d 1112, our supreme court held that actual damages are not necessary in order to pursue a claim for penalties under La. R.S. 22:1220. Accordingly, to the extent that the insured asserts a valid claim under La. R.S. 22:1220, which is disputable, it cannot be considered premature based upon the fact that no excess judgment has been rendered.
Admittedly, this case presents problematic issues; however, in addressing those issues, I believe we are compelled to apply the law as it exists in this state. The majority relies on jurisprudence from foreign jurisdictions, while concomitantly disregarding, and possibly contravening, positive Louisiana law.
For example, based on the same transaction or occurrence, an insured may assert claims seeking to recover the amount of any excess judgment rendered against him as well as penalties pursuant to La. R.S. 22:1220. See e.g. McGee v. Omni Insurance Company, 02-1012 (La.App. 3d Cir.3/5/03), 840 So.2d 1248, writs denied, 03-1375, 03-1382 (La.12/12/03), 860 so.2d 1149; see also Lafauci v. Jenkins, 01-2960, p. 15 (La.App. 1st Cir.1/15/03), 844 So.2d 19, 29-30, writ denied, 03-0498 (La.4/25/03), 842 So.2d 403. Pursuant to Sultana, regardless of whether the insured sustains any actual damages, such as an excess judgment, due to the insurer's breach of its duties, the insurer may still recover penalties under La. R.S. 22:1220. Sultana, 03-0360 at 7-8, 860 So.2d at 1118. Thus, an excess judgment need not be rendered before an insured may assert a cross claim based on this statute against his insurer in the tort proceeding. Under La. C.C.P. art. 425, the insured would then be required to assert his claim regarding any excess judgment or lose such claim forever.
Even if the facts underlying the insured's claim seeking indemnification for an excess judgment would not entitle him *990 to penalties pursuant to La. R.S. 22:1220, thereby rendering it a mandatory cross claim, the insured is still entitled, under Louisiana law, to assert a claim against his insurer prior to the entry of an excess judgment. Louisiana Code of Civil Procedure article 1071 expressly provides:
A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant. (Emphasis added.)
Similarly, La. C.C.P. art. 1111 provides, in pertinent part:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand. (Emphasis added.)
Thus, under the foregoing provisions, an insured is entitled to assert a cross claim against his insurer prior to the rendition of an excess judgment.
Finally, when an insured is exposed for an amount in excess of his policy limits, most insurance companies send an "excess letter" to the insured. Such excess letter generally informs the insured that he has been sued for an amount in excess of his policy limits and that he will be personally responsible for such excess amount. The insured is advised of the name of counsel retained by the insurance company to defend him, and he is usually informed of his right to associate at his own expense separate counsel to advise him with respect to his excess exposure. Shelby McKenzie & H. Alston Johnson, III, Insurance Law and Practice § 219, in 15 Louisiana Civil Law Treastise 637, 640 (3d ed.2006). However, the majority holds that while the insured may employ counsel to protect him from the tort plaintiff regarding any excess liability on the plaintiff's main demand, the insured may not assert a cross claim against his insurer regarding liability of any excess judgment due to the insurer's bad faith settlement practices. Should the tort plaintiff obtain an excess judgment against the insured, the plaintiff may begin executing on the judgment, while the insured must then file a new, and potentially time-consuming, suit in order to recoup the amount of the excess judgment that was obtained due to the insurer's bad faith settlement practices. Such a result is contrary to the very purpose of liability insurance. Accordingly, I believe the insured's cross claim in this matter is not premature.
NOTES
[1] A judgment sustaining a dilatory exception raising the objection of prematurity is a final judgment. LSA-C.C.P. arts. 933(A) and 1915(A)(1); South Louisiana Bank v. White, 577 So.2d 349, 350 (La.App. 1 Cir.1991).
[2] Further, to recognize the right to enforce the cause of action arising prior to the rendering of a judgment against the insured would lead to the untenable situation of an insured seeking to prove that the plaintiff is not entitled to a judgment in excess of the policy, thereby avoiding excess exposure, while at the same time arguing that the plaintiff's claim is clearly in excess of the policy limits, such that the insurer is liable for a bad faith claim.