GUIDRY, J.
 

 |2The Louisiana Department of Revenue (LDR) suspensively appeals, in part, a judgment overruling a peremptory exception asserting the objection of no cause of action. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On September 6, 2002, the LDR issued a “Notice of Proposed Tax Due” to Transcontinental Gas Pipe Line Corporation (Transcontinental), giving notice that the LDR proposed to assess Transcontinental for an alleged tax deficiency, plus applicable interest, for the taxable periods January 1, 1998 to December 31, 2000. Transcontinental submitted a written protest to the proposed assessment by a certified letter dated September 27, 2002, in accordance with La. R.S. 47:1563. By a letter dated February 18, 2005, the LDR notified Transcontinental that “[ejnclosed is your refund check in the amount of
 
 $335,302.94
 
 for the Louisiana Natural Gas Franchise tax period [01/98-12/00]. This amount includes tax in the amount of
 
 $252,612.00
 
 and interest in the amount of
 
 $82,690.94.
 
 This amount is the result of a field audit examination.” Thereafter, by a letter dat
 
 *1085
 
 ed May 9, 2005, the LDR informed Transcontinental that “[o]n February 18, 2005[,] the [LDR] issued Transcontinental ... a refund in the amount of $835,802.94. This refund resulted from a re-examination of the records you had furnished. This refund did not include the deduction for synthetic gas as you requested.”
 

 Transcontinental appealed the LDR’s decision to reject the requested deduction for synthetic gas by filing a “Petition for Refund and Alternative Claim Against the State” with the Louisiana Board of Tax Appeals (BTA). In the petition, Transcontinental alleged that “[p]ursuant to La. R.S. 47:1032(2), [it] is entitled to a deduction for the cost of gas purchased for resale; accordingly, [it] is entitled to a refund of approximately $107,000.00 in natural gas franchise taxes overpaid, plus interest as provided by law.” Transcontinental further prayed that | 3“the amount of approximately $107,000.00 for natural gas franchise taxes for the period covering 1998 through 2000 be recognized as refundable overpayments, and that the [BTA] approve the refund thereof, with interest....”
 

 The LDR excepted to Transcontinental’s petition for refund, contending that based on Transcontinental’s failure to properly file a claim for refund, it had no cause of action pursuant to La. R.S. 47:1625. The matter proceeded to be heard by the BTA, and by a decision rendered November 14, 2007, the BTA denied the LDR’s exception and Transcontinental’s request for a refund.
 
 [1]
 
 Transcontinental subsequently sought judicial review of the BTA’s decision. The LDR answered Transcontinental’s petition for judicial review requesting, in part, that the district court reverse the BTA’s decision overruling its exceptions.
 

 On review, the district court affirmed the rulings of the BTA overruling the exceptions filed by the LDR, but it reversed the rulings of the BTA dismissing the claims of Transcontinental. The district court rendered judgment in favor of Transcontinental overruling the LDR’s assessment for the tax period January 1, 2001 through December 31, 2003, and ordering the LDR to refund Transcontinental the natural gas franchise tax overpaid for the tax period January 1, 1998 through December 31, 2000.
 

 The LDR now appeals the district court’s judgment, asserting on appeal that the district court erred in affirming the BTA’s decision overruling the peremptory exception raising the objection of no cause of action.
 

 ^DISCUSSION
 

 At the outset we observe, as has been recognized and is well settled in our jurisprudence, that the nature of an exception should be determined by its substance and not by its caption.
 
 Judson v. Davis,
 
 04-1699, p. 11 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1114,
 
 writ denied,
 
 05-1998 (La.2/10/06), 924 So.2d 167. In reviewing the substance of the exception urged by the LDR, it is clear that the objection urged by the LDR more properly should have been brought as a dilatory exception
 
 *1086
 
 raising the objection of prematurity, La. C.C.P. art. 926(A)(1), rather than a peremptory exception raising the objection of no cause of action, La. C.C.P. art. 927(A)(5). Thus, we will treat the LDR’s objection as a dilatory exception of prematurity.
 
 See Mosley v. Louisiana Department of Public Safety & Corrections,
 
 07-1501, pp. 1-2 (La.App. 3d Cir.4/2/08), 980 So.2d 836, 837.
 

 The dilatory exception raising the objection of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination, because an action will be deemed premature when it is brought before the right to enforce it has accrued.
 
 LaCoste v. Pendleton Methodist Hospital, L.L.C.,
 
 07-0008, p. 5 (La.9/5/07), 966 So.2d 519, 523. The exception neither challenges nor attempts to defeat the elements of the plaintiffs cause of action; instead, the defendant asserts the plaintiff has failed to take some preliminary step necessary to make the controversy ripe for judicial involvement.
 
 LaCoste,
 
 07-0008 at 6, 966 So.2d at 523. The viability of the dilatory exception urging prematurity is determined by the facts existing at the time the lawsuit is filed.
 
 Mathies v. Blanchard,
 
 06-0559, p. 3 (La.App. 1st Cir.2/21/07), 959 So.2d 986, 988.
 

 The objection of prematurity contemplates that the plaintiff has filed his action prior to some procedure or assigned time, and it is usually utilized in cases where the applicable law or contract has provided a procedure for one aggrieved by |5a decision to seek administrative relief before resorting to judicial action.
 
 Dailey v. Travis,
 
 02-2051, p. 6 (La.App. 1st Cir.2/23/04), 872 So.2d 1104, 1108. Generally, all administrative remedies or specified procedures must be exhausted before the right to judicial review may be exercised.
 
 EOP New Orleans, L.L.C. v. Louisiana Tax Commission,
 
 01-1452, p. 5 (La. App. 1st Cir.9/28/01), 809 So.2d 387, 390,
 
 writ denied,
 
 01-3278 (La.3/15/02), 811 So.2d 907.
 

 In asserting the objection of prematurity, the exceptor bears the initial burden of showing that an administrative remedy or procedure applies, by reason of which the judicial action is premature. Once the existence of an administrative remedy is established, the burden then shifts to the plaintiff to show that the specified administrative remedies or procedures have been exhausted.
 
 Williams v. Notami Hospitals of Louisiana, Inc.,
 
 04-2289, p. 6 (La.App. 1st Cir.11/4/05), 927 So.2d 368, 372.
 

 The issue before this court on appeal is whether the trial court correctly interpreted and applied the law to find that Transcontinental properly established its right to seek review of, as well as relief from, the determinations of the LDR. Appellate review of questions of law is simply a review of whether the trial court was legally correct or incorrect.
 
 See Williams,
 
 04-2289 at 5, 927 So.2d at 372.
 

 In this case, while the LDR asserted in its exception that “[without a properly filed claim for refund, a taxpayer has no cause of action pursuant to La. R.S. 47:1625,” it is apparent that the agency is claiming that Transcontinental should have been precluded from seeking judicial review of its claim because it failed to comply with the provisions of La. R.S. 47:1625. That statute provides, in part:
 

 If the collector fails to act on a properly filed claim for refund or credit within one year from the date received by him or if the collector denies the claim in whole or in part, the taxpayer claiming such refund or credit may appeal to the board of tax appeals for a hearing on the claim filed. No appeal may be filed
 
 *1087
 
 before the | (¡expiration of one year from the date of filing such claim unless the collector renders a decision thereon within that time, nor after the expiration of sixty days from the date of mailing by registered mail by the collector to the taxpayer of a notice of the disallowance of the part of the claim to which such appeal relates.
 

 The LDR argues that Transcontinental did not properly file a claim for refund; therefore, it was not entitled to appeal to the BTA for review of the LDR’s assessment or for a refund.
 

 The LDR asserts that Transcontinental did not comply with the provisions of Title 47 that address refunds of over-payments, namely La. R.S. 47:1621-1627, and agency regulations promulgated pursuant thereto. Specifically, the LDR relies on the provisions of LAC 61:1.4909, promulgated by the secretary of the LDR pursuant to La. R.S. 47:1621(1),
 
 [2]
 
 which provides in pertinent part:
 

 A. Taxpayers filing claims for refunds or credits of overpayments of tax, penalty or interest as authorized by R.S. 47:1621 and in accordance with R.S. 47:1623 must comply with the following procedures.
 

 1. A claim for refund or credit shall be written in the English language, and be:
 

 a. submitted on claims for refund/credit forms provided by the secretary; or
 

 b. written in a format substantially the same as that provided by the secretary; or
 

 c.submitted by timely filing an amended return.
 

 2. A claim for refund shall be signed and dated by the taxpayer or his authorized representative, and shall:
 

 a. contain a clear statement detailing the reason for the claim;
 

 b. indicate the appropriate tax and tax amount by tax period; and
 

 c. be submitted to an appropriate office, division, or representative of the Department of Revenue....
 

 Ji•• • •
 

 C. Claims for refunds that have not been approved within one year of the date received or that have been denied may be appealed by taxpayer to the board of tax appeals in accordance with R.S. 47:1625.
 

 While Transcontinental artfully represents that its September 27, 2002 protest letter was actually a claim for refund that substantially conformed to the format provided by the secretary of the LDR as outlined in LAC 61:I.4909(A)(2), we find that the September 27, 2002 protest letter does not meet the requirements of a claim for refund nor was it intended to be such at the time it was mailed to the LDR.
 

 The protest letter differs from the format outlined in LAC 61:1.4909 in two material respects. First, there is no statement in the protest letter wherein Transcontinental requests a refund. Instead, the requested relief reiterated throughout the September 27, 2002 protest letter is the singular request “that the audit results be adjusted.” Second, there is no statement of what would be the appropriate tax and tax amount by tax period.
 
 [3]
 

 
 *1088
 
 Instead, it is evident that the September 27, 2002 protest letter was submitted pursuant to the provisions of La. R.S. 47:1563, as advised in the “Notice of Proposed Tax Due.” That statute provides:
 

 The taxpayer, within thirty calendar days from the date of the notice provided in R.S. 47:1562(A) or (B), may protest thereto. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the secretary’s determination. The secretary shall consider the protest and in his discretion may grant a hearing thereon before making a final determination of tax, penalty, and interest due.
 

 Louisiana Revised Statutes 47:1564-65 then outline the procedures to be followed once a protest has been filed.
 

 | ^Louisiana Revised Statutes 47:1564 provides that at the expiration of such time as may be necessary for the secretary to consider any protest filed, the secretary shall proceed to assess the tax, penalty, and interest that he determines to be due. Upon making such assessment, the secretary is required, by La. R.S. 47:1565(A), to send a notice by certified mail informing the taxpayer of the assessment and that the taxpayer has sixty calendar days from the date of the notice to either “pay the amount of the assessment or to appeal to the [BTA] for a redetermination of the assessment.” It is further provided that “[a]ll such appeals shall be made in accordance with the provisions of [La. R.S. 47:1401, et seq.].” Finally, La. R.S. 47:1565(B) states that “[i]f an appeal for a redetermination of the assessment has been filed, the assessment shall not be collectible by distraint and sale until such time as the assessment has been redetermined or affirmed by the [BTA] or the court which last reviews the matter.”
 

 The LDR avers that an assessment pursuant to La. R.S. 47:1564-65 was not made. Yet, to the extent that the LDR’s May 9, 2005 letter
 
 [4]
 
 could be construed to 'be the required notice of assessment issued after the secretary’s consideration of Transcontinental’s protest, Transcontinental timely appealed the LDR’s action to the BTA. Still, we must further consider whether Transcontinental properly appealed to the BTA in accordance with La. R.S. 47:1401, et seq. Considering those provisions, and specifically La. R.S. 47:1431, which states in part that a “taxpayer may appeal to the [BTA] for a redetermination of the assessment ... by filing a petition with the [BTA] within the respective periods set forth in R.S. |fl47:1565,” we find that Transcontinental did properly appeal to the BTA for a redetermination of the assessment by the LDR. Transcontinental filed its petition for appeal to the BTA on
 
 *1089
 
 June 13, 2005, well within sixty calendar days of the date of the May 9, 2005 letter.
 

 CONCLUSION
 

 Based on the foregoing discussion, we find that the decisions of the lower tribunals overruling the peremptory exception raising the objection of no cause of action, which more appropriately should have been brought as a dilatory exception raising the objection of prematurity, was correct. We therefore affirm the decision of the district court. All costs of these proceedings in the amount of $2,520.50 are cast to the appellant, the Louisiana Department of Revenue.
 

 AFFIRMED.
 

 CARTER, C.J., and PETTIGREW, J., concur.
 

 [1]
 

 . In the proceedings before the BTA, Transcontinental filed a second petition to void a subsequent assessment by the LDR for alleged deficient tax payments for the tax period January 1, 2001 through December 31, 2003, which the BTA joined with the pending action for a refund for overpayments for the tax period of January 1, 1998 through December 31,2000.
 
 See
 
 La. R.S. 47:1576(E). The LDR peremptorily excepted to the second petition on the basis of prescription. In the decision rendered November 14, 2007, the BTA denied Transcontinental's request to void the assessment for the tax period January 1, 2001 through December 31, 2003, and overruled the LDR's exception on the basis of prescription. Those additional rulings are not at issue in this appeal.
 

 [2]
 

 . Louisiana Revised Statutes 47:1621(1) provides “[t]he secretary is authorized to promulgate regulations pursuant to the Administrative Procedure Act for the purpose of administration and enforcement of this Section. Such regulations will have the full force and effect of law.”
 

 [3]
 

 . In its appellate brief, Transcontinental relates its failure to state the appropriate tax
 
 *1088
 
 and tax amount in the protest letter as being due to the fact that "it was only after the allocation issues were resolved[ ] that the determination of the actual amount of [tax] due by [Transcontinental] could be determined and the actual amount of the overpayment could likewise be determined.”
 

 [4]
 

 . While the May 9, 2005 letter does not recite that the taxpayer has sixty days by which to either pay the assessment or to appeal to the BTA, nor does the letter appear to have been sent by certified mail, it clearly indicates that there was consideration of Transcontinental’s protest and a decision made thereafter not to allow Transcontinental a deduction for synthetic gas. So to the extent that the LDR clearly expressed that it would assess Transcontinental the natural gas franchise tax without applying a deduction for synthetic gas to reduce the amount of the assessment, we find it reasonable that Transcontinental would construe the May 9, 2005 letter as requiring it to file an appeal of the LDR’s determination. We should point out, however, that Transcontinental was not required to take action in response to the May 9, 2005 letter because the letter did not meet the requisites of La. R.S. 47:1565(A).