# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30018

MICHAEL L. BELANGER,

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2015

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Michael Belanger appeals from the district court's final judgment dismissing his suit against Defendant-Appellee GEICO General Insurance Company ("GEICO") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that it is time-barred under Louisiana law. For the reasons set out below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30018

## I.

The relevant facts are undisputed. On December 27, 2007, Belanger was in an automobile accident with Natalie N. Stephen, GEICO's insured. Belanger sued Stephen and GEICO in state court. He alleges that, before trial, he offered to settle his claim against both parties for the policy limits of $25,000, but GEICO rejected his offers. Following a trial, the court entered a judgment against Stephen in the amount of $450,000 and against GEICO for the policy limits of $25,000, plus interest and court costs.

The trial court denied the defendants' motions for post-judgment relief on September 8, 2011, and entered a signed order to that effect on November 17, 2011. GEICO appealed the $25,000 judgment against it suspensively, but Stephen appealed the $450,000 judgment against her only devolutively, as discussed below. The Louisiana First Circuit Court of Appeal affirmed the trial court's judgment on November 13, 2012, and the Louisiana Supreme Court denied the defendants' application for a writ of certiorari on April 1, 2013.

GEICO then paid Belanger the $25,000 policy limits. On September 25, 2013, Belanger entered into a written compromise agreement with Stephen, in which Stephen assigned Belanger any rights she had against GEICO concerning GEICO's alleged bad faith handling of her claim which resulted in the excess judgment against her. Belanger filed this action against GEICO in state court on October 4, 2013, asserting the claim he acquired from Stephen. GEICO removed to federal court on November 20, 2013, more than one year after the entry of the judgment against Stephen in the state trial court but less than one year after the Louisiana Supreme Court denied the defendants' application for a writ of certiorari.

GEICO filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56, arguing that Belanger's bad faith claim against GEICO is time-barred because the

No. 15-30018

applicable prescriptive period for such claims is one year, and the cause of action arose when the state trial court entered the excess judgment against Stephen. Belanger, conceding in the district court that the one-year prescriptive period applies to his assigned claim, argued that his claim is nevertheless timely because (a) it did not arise until the Louisiana Supreme Court denied a writ, and (b) the Louisiana doctrine of *contra non valentem* should exempt the claim from the operation of prescription.

The district court held that Belanger's claim is time-barred. The district court concluded that Belanger's claim arose when the excess judgment was entered against Stephen, more than one year before he filed this action. The court also determined that *contra non valentem* does not apply to exempt the claim from prescription. Accordingly, the district court granted GEICO's motion to dismiss. This appeal followed. On appeal, Belanger continues to argue that the claim did not arise until the Supreme Court denied a writ and now argues for the first time on appeal that the applicable prescriptive period is 10 years rather than one year. He has waived his *contra non valentem* argument by failing to pursue it on appeal.

## II.

GEICO's motion was styled as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56, but neither party relied on summary judgment evidence, and the relevant facts are undisputed.[1] Thus, we may apply the Rule 12(b)(6) standard: "[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted."[2] In deciding a Rule 12(b)(6) motion, all well-pleaded facts must be taken as true and all inferences

---

[1] *Belanger v. GEICO Gen. Ins. Co.*, No. CIV.A. 13-752-SCR, 2014 WL 7338837, at *4 (M.D. La. Dec. 22, 2014).

[2] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation and internal quotation marks omitted).

No. 15-30018

must be drawn in favor of the plaintiff.[3] This court reviews de novo a district court's dismissal for failure to state a claim.[4]

In this diversity action arising under Louisiana substantive law, we "should first look to final decisions of the Louisiana Supreme Court."[5] Absent such a decision, we must make an "*Erie* guess" and determine what the Louisiana Supreme Court would decide under the circumstances, looking for guidance to intermediate state appellate courts.[6] We may not disregard these intermediate appellate decisions "unless [we are] convinced by other persuasive data that the highest court of the state would decide otherwise."[7]

## III.

This appeal concerns when the claim asserted by Belanger arose, and what prescriptive period is applicable to that claim. If, as Belanger argues, the claim did not arise until the Louisiana Supreme Court denied a writ, less than one year before Belanger filed this suit, then it is timely even under the one-year prescriptive period applied by both parties and the district court below. If, however, it arose when the excess judgment was entered against Stephen, more than one year before Belanger filed suit, then the length of the prescriptive period alone will determine whether the claim is timely.

## IV.

The bad faith claim at issue that Belanger obtained by assignment from Stephen arises under La. Rev. Stat. § 22:1973 (formerly found at La. Rev. Stat. § 22:1220, with no substantive revision accompanying the redesignation), which provides, in relevant part:

---

[3] *Id.*

[4] *Id.*

[5] *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citing *Labiche v. Legal Sec. Life Ins. Co.*, 31 F.3d 350, 351 (5th Cir. 1994)).

[6] *Id.*

[7] *Id.*

## No. 15-30018

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.[8]

The district court concluded that the claim arose on April 26, 2011, the day the state trial court entered the excess judgment against Stephen:

> While neither party cited any Louisiana Supreme Court or appellate court cases that addresses this specific issue, the case cited by the defendant, *Mathies v. Blanchard* [959 So. 2d 986 (La. Ct. App. 2007)], is persuasive. In *Mathies*, the Louisiana First Circuit Court of Appeal found that entry of the judgment on the principal demand in excess of the policy limits harms the insured and gives rise to the right to enforce the cause of action for a[n] insurer's bad faith failure to settle a claim against its insured within the policy limits. Although the appellate court was addressing the issue of prematurity rather than prescription of the claim, the court established that the injury/damage arising from an insurer's bad faith refusal to settle was sustained at the time an excess judgment was entered. Because the allegations in the Petition show that the Petition was filed more than one year after the state court entered an excess judgment, the burden shifted to the plaintiff to show that prescription was interrupted by the state court appeal process or did not commence on the date of the judgment.[9]

The district court's reliance on *Mathies* appears to be well founded. Although *Mathies* did not concern precisely when a cause of action under

---

[8] La. Rev. Stat. § 22:1973(A).

[9] 2014 WL 7338837 at *4 (footnotes omitted).

section 1973 arises,[10] both its language and the reasoning of the cases it relied on from other jurisdictions are highly persuasive:

> While Louisiana courts have recognized a cause of action against an insurer for bad faith failure to settle a claim against its insured within the policy limits, no Louisiana court has been called upon to determine when the right to enforce the cause of action arises. However, numerous courts in other jurisdictions have squarely addressed the issue, and have repeatedly held that an excess judgment is a prerequisite to an action for bad faith failure to settle a claim against an insured within the policy limits. *See Romstadt v. Allstate Insurance Company*, 59 F.3d 608, 611 (6 Cir. 1995); *Kelly v. Williams*, 411 So.2d 902, 904 (Fla. App. 5 Dist. 1982); *Crabb v. National Indemnity Company*, 87 S.D. 222, 231, 205 N.W.2d 633, 638 (S.D. 1973); *Amoco Oil Company v. Reliance Insurance Company*, 1998 WL 187336 (W.D. Mo. 4/14/98); *Ragas v. MGA Insurance Company*, 1997 WL 79357 (E.D. La. 2/21/97).[11]

The key question in all of these cases was whether the insured had been exposed to liability as a result of an excess judgment. In *Romstadt* and *Kelly*, the courts held that the insureds could not assert a bad faith claim because they had never, in effect, been exposed to liability for an excess judgment. The *Kelly* court noted that "a cause of action for bad faith arises when the insured is *legally obligated to pay* a judgment that is in excess of his policy limits."[12] In *Crabb*, the South Dakota Supreme Court held that even a judgment-proof insured was exposed to liability when an excess judgment was entered against him because, for instance, "such a judgment will potentially impair his credit,

---

[10] In *Mathies*, the court addressed an exception of prematurity concerning a bad faith claim brought before an excess judgment had even been entered against the insured. Thus, the court had no occasion to determine whether the cause of action arose when an excess judgment was entered or when the appeal of that judgment was concluded.

[11] 959 So. 2d at 988.

[12] *Kelly*, 411 So. 2d at 904 (emphasis added).

place a cloud on the title to his exempt estate, impair his ability to successfully apply for loans, and may eventually require him to go through bankruptcy."[13] The court concluded: "It is the entry of a final judgment in excess of the policy limits, rather than its satisfaction, which harms the insured and gives rise to a cause of action against the insurer for a wrongful or unreasonable refusal to settle within the policy limits."[14]

In this case, the state court entered the excess judgment on April 26, 2011, and the district court signed an order denying a motion for JNOV and new trial on November 17, 2011. The appeals process finally concluded on April 1, 2013, with the Supreme Court's writ denial, and Belanger filed this action on October 4, 2013. Because the question under *Mathies* is when the insured became legally obligated to pay the excess judgment, the outcome turns on how the underlying action was appealed.

The excess judgment against Stephen, the insured, was appealed devolutively, not suspensively, and that distinction determines the outcome here. Under Louisiana law, a suspensive appeal is one which "suspends the effect or the execution of an appealable order or judgment"; requires the appellant to furnish security, typically in the amount of the judgment; and must be filed within 30 days of either a ruling on a motion for new trial or JNOV (or expiration of the delay for applying for that relief, in the absence of such a motion).[15] A devolutive appeal, on the other hand, is one "which does not suspend the effect or the execution of an appealable order or judgment";

---

[13] *Crabb*, 205 N.W.2d at 638

[14] *Id.* This is analogous to Louisiana law regarding indemnity claims, i.e., "it is well settled that prescription does not commence on a claim for indemnity or contribution until the party seeking it has sustained a loss, either through payment, settlement or an enforceable judgment." *Reggio v. E.T.I.*, 15 So. 3d 951, 952 (La. 2008).

[15] La. Code Civ. P. art. 2123, 2124.

does not require the appellant to post security; and must be filed within 60 days of one of the terminal events.[16]

Because the excess judgment was appealed only devolutively, not suspensively, it was fully enforceable during the appeals process. Because Stephen was legally obligated to pay the excess judgment in 2011 (regardless of whether she actually paid it), her bad faith claim against GEICO arose at that time, more than one year before she filed this action in October of 2013. Thus, if Stephen's bad faith claim is subject to the one-year prescriptive period, Belanger's action is untimely.

## V.

The only thing that might save Belanger's bad faith claim is a longer prescriptive period. It is important to note that although Belanger was not GEICO's insured, the claim he asserts was assigned to him by Stephen, who was GEICO's insured. Thus, he essentially stands in the shoes of the insured. Belanger argued for the first time on appeal that the prescriptive period for a bad faith claim by an insured against an insurer under La. R.S. § 22:1973 is subject to the 10-year prescriptive period for contract actions rather than the one-year prescriptive period for torts. Although there is some authority supporting his argument, he unequivocally waived it.

"Under Louisiana law, '[t]he correct prescriptive period to be applied in any action depends on the nature of the action; it is the duty breached that should determine whether an action is in tort or contract.'"[17] "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."[18] A contract action is subject to the default 10-year period,

---

[16] La. Code Civ. P. art. 2087, 2124(A).

[17] *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009) (quoting *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002); and citing *Trinity Universal Ins. Co. v. Horton*, 756 So.2d 637, 638 (La. Ct. App. 2000).

[18] La. Civ. Code art. 3499.

"run[ning] from the time of breach or the time the cause of action arises."[19] However, Louisiana law provides, in relevant part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."[20] The Fifth Circuit has explained:

> The classical distinction between contractual and delictual damages is that the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of general duty owed by all persons. However, even when a tortfeasor and victim are bound by a contract, Louisiana courts usually apply delictual prescription to actions that are really grounded in tort.[21]

It is undisputed that bad faith claims asserted by third parties (i.e., non-insureds) against insurance companies under La. Rev. Stat. § 22:1973 are subject to the one-year prescriptive period for delictual actions under *Zidan v. USAA Property & Cas. Ins. Co.,* 622 So.2d 265, 266 (La. Ct. App. 1993), which specifically addressed such third party claims. With respect to bad faith claims by an insured (or her assignee), however, it appears no Louisiana state court has ever specifically addressed the applicable prescriptive period. The Eastern District of Louisiana has applied the one-year prescriptive period from *Zidan* to claims by an insured in multiple cases,[22] but the Western District of Louisiana, in *Aspen Specialty Ins. Co. v. Technical Indus., Inc.*, No. 6:12-CV-02315, 2015 WL 339598 (W.D. La. Jan. 22, 2015) (Hanna, Magistrate Judge,

---

[19] *Richard*, 559 F.3d at 345.

[20] La. Civ. Code art. 3492.

[21] *Terrebonne Parish Sch. Bd.*, 310 F.3d at 886-87 (internal citations omitted).

[22] *See, e.g., Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. CIV.A. 06-7232, 2007 WL 837202 (E.D. La. Mar. 15, 2007); *Brown v. Protective Life Ins. Co.*, 353 F. Supp. 2d 739 (E.D. La. 2004); and *Yates v. Sw. Life Ins. Co.*, No. CIV. A. 97-3204, 1998 WL 61033 (E.D. La. Feb. 12, 1998).

sitting by consent), recently concluded that the prescriptive period for first-party claims is ten years.

As the *Aspen* opinion noted, the Eastern District cases rely on *Zidan*, which did not concern a claim by an insured and thus does not necessarily determine the issue.[23] The *Aspen* opinion identified a fundamental distinction between a claim by a third party and a claim by an insured:

> "The proper prescriptive period to be applied in any action depends upon the nature of the cause of action." It is logical that the claim by a third-party to an insurance contract against an insurer would be classified as a tort and subject to the one-year prescriptive period for delictual actions, but it is not logical that a first-party claim, that is, a claim by an insured against its insurer, would be classified as a delictual claim. A first-party claim arises out of the relationship created by the insurance contract and, therefore, is either contractual or quasi-contractual in nature. Indeed, Section 1973 "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer." Both contractual and quasi-contractual claims are classified, under Louisiana law, as personal actions subject to a liberative prescription of ten years.[24]

The *Aspen* reasoning has some support. The longstanding "jurisprudentially established duty" was announced in *Wooten v. Cent. Mut. Ins. Co.*, 166 So. 2d 747 (La. Ct. App. 1964), which concluded that a claim by an insured may sound in either tort or contract, which would determine not only the appropriate venue for suit (as in *Wooten* itself) but also the applicable prescriptive period. The Louisiana Supreme Court has not only recognized this

---

[23] 2015 WL 339598, at *2.
[24] 2015 WL 339598 at *2 (footnotes omitted).

jurisprudential duty since the late 1960s, but also has recognized that the duty was ultimately incorporated into La. R.S. § 22:1973.[25] On the other hand, since the enactment of La. R.S. § 22:1973 or its predecessor, La. R.S. § 22:1220, no Louisiana court has ever determined the prescriptive period applicable to a first-party claim, so the answer to that question remains uncertain.

Ordinarily, the failure to raise an argument before the district court results in its waiver or forfeiture on appeal,[26] subject only to plain error review, under which we cannot grant relief unless the error is plain.[27] In this case, Belanger's counsel stated at oral argument on appeal that he chose not to assert the 10-year prescriptive period argument in the district court because the state of Louisiana law is uncertain on this point. We agree. Even though Louisiana law might ultimately apply the ten-year prescriptive period to his claim, the legal uncertainty means Belanger cannot obtain relief under plain error review.[28]

We might have discretion, under appropriate circumstances, to excuse the waiver of an argument on a pure question of law where both parties have had a chance to fully brief the issue.[29] Although this issue is a pure question of

---

[25] *Richard v. S. Farm Bureau Cas. Ins. Co.*, 254 La. 429, 437-438, 223 So. 2d 858, 861 (1969) (citing *Wooten*); *Holtzclaw v. Falco, Inc.*, 355 So. 2d 1279, 1280 (La. 1977) (citing *Richard*); *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So. 2d 184, 187 (citing *Holtzclaw*); *Kelly v. State Farm Fire & Cas. Co.*, — So. 3d —, (La. 2015), No. 14-1921 (citing *Theriot*).

[26] *See, e.g.*, *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) (citing *Tex. Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006)).

[27] *See, e.g.*, *Tilmon v. Prator*, 368 F.3d 521, 524 (5th Cir. 2004).

[28] A question of law with an uncertain answer cannot support relief under plain error review precisely because any error on that question cannot be "plain." *See, e.g.*, *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009) ("Putting aside its obscurity at trial, even now after full briefing and oral argument the error is not plain or obvious, indeed it is most uncertain whether there was any error at all.").

[29] *See Forte v. Wal-Mart Stores, Inc.*, 780 F.3d 272, 275-76 (5th Cir. 2015), certified question accepted (Mar. 6, 2015).

No. 15-30018

law, and the parties, at the court's request, had a chance to provide supplemental briefing on it, we decline to excuse Belanger's waiver. Based on his representations at oral argument, it is clear that Belanger's counsel did not fail to raise this argument out of mere inadvertence, but rather made a conscious decision. We therefore hold that he actively waived the argument that Belanger's claim is subject to a 10-year prescriptive period.[30] The question of which prescriptive period applies to a bad faith claim by an insured against an insurer under La. Rev. Stat. § 22:1973 may be ripe for consideration, but not under these circumstances. Thus, we must conclude that Belanger's case is time-barred under the one-year prescriptive period.

## VI.

Because Belanger's assigned claim arose when the excess judgment was entered against Stephen, more than one year before filing suit, it is time-barred under the one-year prescriptive period applied by the district court and both parties below. Belanger waived his argument that the claim is subject to a ten-year prescriptive period. Accordingly, we AFFIRM.

---

[30] We usually apply the general rule that the failure to raise an issue in the trial court waives the issue on appeal. *See, e.g., Veasey v. Abbott*, No. 14-41127, 2015 WL 4645642, at *12 n.22 (5th Cir. Aug. 5, 2015). We have applied the exception very sparingly in circumstances very different than those here. *See New Orleans Depot Servs., Inc. v. Dir. Office of Worker's Comp. Programs*, 718 F.3d 384, 388 (5th Cir. 2013) (en banc); *Forte*, 780 F.3d at 275. In *New Orleans Depot*, we explained that the legal argument in question was acknowledged by the party to be foreclosed under circuit precedent such that "this is not a case in which a party has wholly ignored a major issue." 718 F.3d at 388. Instead, the issue "ha[d] been contested throughout the case's history," the issue had been presented to the administrative law judge, and "every party was provided an adequate opportunity to brief and argue the issue before the en banc court." *Id.* Likewise, in *Forte* we held that an issue was not waived where the court was asked to consider a party's proposed construction of a statute, the Texas Optometry Act, which was nearly the same as the construction that the party argued before the district court. 780 F.3d at 275–76. In neither case did the party affirmatively argue the exact opposite of its district court argument.