# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 21-30199

Jeremy Shephard; Emily Shephard; Michael Jackson;
Tamisa Jackson,

*Plaintiffs—Appellants*,

*versus*

St. Paul Fire & Marine Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-1603

Before Stewart, Haynes, and Graves, *Circuit Judges*.
Per Curiam:*

Plaintiffs-Appellants appeal the district court's order dismissing their suit. For the following reasons, we AFFIRM.

## I.   Background

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30199

In June 2014, Plaintiffs-Appellants Jeremy Shephard, his wife, Emily Shephard, and another married couple, Michael and Tamisa Jackson (collectively, "the Shephards"), filed suit against AIX Energy, Inc. ("AIX") in Louisiana state court for personal injuries suffered during an oil well explosion that occurred in 2013. AIX's defense was provided by its insurer, Defendant-Appellee St. Paul Fire and Marine Insurance Company insured AIX and therefore provided AIX's defense in the Shephards' suit.

In its answer to the Shephards' complaint, AIX stated that it was the owner of the well. However, in response to the Shephards' discovery requests asking AIX to identify the "owner and/or custodian" of the well on the date of the explosion, AIX objected to the form of the interrogatory, said it was unsure what "owner and/or custodian" referred to, and directed the Shephards to exhibits consisting of drilling permits and regulatory filings that did not identify the owner of the well. The Shephards also propounded a Request for Production asking AIX to produce "the contract under which defendant conducted operations at the well." AIX objected to the term "conducting operations" as vague and ambiguous, stated that AIX was not "conducting operations" at the well, and explained that "[c]ompletion operations and/or work over services and/or well services were contracted out to Dykes, Bear Creek and Republic."

In March 2015, the Shephards amended their complaint to add a direct claim against St. Paul. In October 2015, AIX filed for bankruptcy, which stayed the personal injury litigation. *In re AIX Energy*, No. 15-34245, 2015 WL 9687321 (Bankr. N.D. Tex. Dec. 4, 2015). To lift the stay, the

No. 21-30199

Shephards agreed with St. Paul and AIX to "only proceed as to collectible insurance of [AIX] with St. Paul." *Id.* In October 2016, St. Paul filed an answer stating that it "adopts, reiterates, reaffirms and reavers all prior responses, defenses, allegations, and assertions made in the pervious [sic] filings by then Assured, AIX ENERGY, INC." At trial in December 2016, the jury found in favor of the Shephards and returned a verdict that exceeded St. Paul's liability coverage to AIX by over $10 million. But the trial court nevertheless limited the judgment to AIX's liability insurance proceeds.

On January 18, 2017, St. Paul and AIX filed a post-trial motion for judgment notwithstanding the verdict, in which they revealed for the first time that in 2012, AIX sold seventy-five percent of its ownership interest in the well to NextEra. On March 6, 2017, St. Paul and AIX produced a Joint Operating Agreement ("JOA") that designated AIX as the "operator" of the well at the time of the explosion. The JOA required NextEra to be added as an additional insured on all of AIX's insurance policies and stated that NextEra agreed to assume seventy-five percent of AIX's liabilities "incurred in operations" of the well. St. Paul's post-trial motion was denied, and the trial court entered judgment in favor of the Shephards on April 10, 2017.

St. Paul and AIX suspensively[1] appealed the trial court judgment to the Louisiana Court of Appeal for the Second Circuit. On May 23, 2018, the

---

[1] Under Louisiana law, a suspensive appeal is "an appeal that suspends the effect or the execution of an appealable order or judgment." LA. CODE CIV. PROC. ANN. ART. 2123.

Louisiana Court of Appeal for the Second Circuit affirmed the damages award in relevant part in favor of the Shephards and, citing AIX's bankruptcy order, limited the enforcement of any judgment to the policy limit of AIX's insurance with St. Paul. The Louisiana Supreme Court denied AIX and St. Paul's writ of appeal on November 5, 2018.

On December 12, 2018, the Shephards sued St. Paul in federal district court for misrepresentation under Louisiana Revised Statute § 22:1973(B)(1). The Shephards alleged St. Paul knowingly misrepresented AIX as the owner, instead of as the operator, of the well during the state court proceedings. The Shephards also alleged St. Paul failed to disclose the existence of NextEra and the JOA, which the Shephards contend was responsive to discovery requests and identified a potential liable entity other than AIX. The Shephards alleged they detrimentally relied on St. Paul's misrepresentations and nondisclosure in the pleadings and were therefore fraudulently induced to proceed only against the amount of collectible insurance in AIX's policy. Because St. Paul allegedly failed to disclose NextEra, the Shephards further asserted they were deprived of their ability to conduct discovery regarding NextEra's liability and insurance policies and in turn, to potentially recover damages in the amount of their unrecovered verdict.

St. Paul filed a Rule 12(b)(6) motion to dismiss arguing, inter alia, that the Shephards' Section 1973 claims were prescribed. The district court granted the motion and dismissed the Shephards' suit on the grounds that prescription began to run on March 6, 2017 when the Shephards received the

JOA, and the Shephards did not file suit until December 12, 2018, over one year later. This appeal followed.

## II.    STANDARD OF REVIEW

This court reviews "a district court's dismissal under a Rule 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation marks omitted). We similarly "review de novo the district court's ruling on prescription." *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000) (citation omitted). Under Louisiana law, "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished." *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 346 (5th Cir. 2009) (quoting *Lima v. Schmidt*, 595 So. 2d 624, 629 (La. 1992)).

## III.    DISCUSSION

The parties agree that the Shephards' claims were subject to a one-year prescriptive period under LOUISIANA CIVIL CODE ARTICLE 3492. Their dispute centers around when the prescriptive period began to run. The Shephards argue that the prescriptive period began on November 5, 2018

No. 21-30199

when the Louisiana Supreme Court denied St. Paul's writ of appeal.[2] Thus, the Shephards contend that they were well within the prescriptive period when they filed their complaint on December 12, 2018. We disagree.

Under LOUISIANA CIVIL CODE ARTICLE 3492, the one-year prescriptive period for delictual actions "commences to run from the day injury or damage is sustained." LA. CIV. CODE ANN. ART. 3492 (2021). The Louisiana Supreme Court has held that a plaintiff's damages must be more than merely speculative for prescription to run under Article 3492, but they need not be certain, fully incurred, or incurred in some particular quantum to give the plaintiff a right of action. *Harvey v. Dixie Graphics, Inc.*, 593 So. 2d 351, 354 (La. 1992). The party pleading prescription typically bears the burden of proving that the plaintiff's claims have prescribed, but "once it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of contra non valentem." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (citation omitted).

---

[2] The Shephards contend that November 5, 2018 is when their "excess judgment" became final. However, the district court clarified that the Shephards did not obtain an excess judgment. While the jury verdict exceeded St. Paul's policy limits, the trial court judgment limited recovery to the amount of AIX's insurance coverage with St. Paul pursuant to the bankruptcy order. Thus, neither the judgment by the trial court nor the affirmance by the Louisiana court of appeal gave the Shephards a legally enforceable right to recover in excess of St. Paul's policy limits.

No. 21-30199

"Under the doctrine of contra non valentem, the prescription period does not run when 'the cause of action is not known or reasonably knowable by plaintiff, even though his ignorance was not induced by defendant.'" *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000) (quoting *Landreneau v. Fruge*, 598 S.2d 658, 662 (La. Ct. App. 1991)). Louisiana courts only extend this doctrine's benefits up to "the time that the plaintiff has actual or constructive knowledge of the tortious act." *Id.* (citation and internal quotation marks omitted).

Here, the Shephards did not know of St. Paul's alleged misrepresentations and omissions in AIX's discovery responses at the time they were made. They did know about the alleged misrepresentations and omissions, however, on March 6, 2017 when St. Paul produced the JOA showing that NextEra had agreed to assume seventy-five percent of AIX's tort liabilities incurred in the operation of the well. By this date, the Shephards had lost the opportunity to name NextEra as a defendant, having instead sued AIX, and they agreed to seek recovery only to the extent of AIX's insurance coverage with St. Paul. The Shephards had also lost the opportunity to conduct discovery regarding the JOA and NextEra during the underlying state court suit, as they explained in their original complaint in this case. Thus, the Shephards had suffered actual and appreciable damages by the time they gained actual knowledge of St. Paul's alleged tortious act. Accordingly, the district court correctly held that prescription began to run on March 6, 2017 and that the Shephards claims were prescribed because they filed suit after the one-year prescriptive period had expired.

No. 21-30199

The Shephards rely on *Smith v. Citadel Insurance Co.*, 285 So. 3d 1062 (La. 2019) and *Belanger v. Geico General Insurance Co.*, 623 F. App'x 684 (5th Cir. 2015) for the proposition that a Section 1973 claim does not begin to run until the judgment in the underlying suit becomes final and enforceable. But, both of those cases involve a plaintiff who was harmed by an excess judgment they were liable to pay. *Smith*, 285 So. 3d at 1066; *Belanger*, 623 F. App'x at 687–89. Here, as the district court explained, the Shephards were never liable for an excess judgment. Moreover, their damages had occurred before the trial court judgment was final. Accordingly, *Smith* and *Belanger* are inapposite here.[3]

As to the damages the Shephards had sustained by March 6, 2017, they attempt to distinguish their case from *Harvey v. Dixie Graphics, Inc.* on the grounds that, in contrast to the *Harvey* plaintiff, for whom prescription was triggered by the incurrence of attorneys' fees and costs, the Shephards had not sustained costs or fees until the underlying judgment became final. The Shephards contend that if the judgment had been reversed on the issue of AIX's liability, they would have sustained no damages from the loss of the ability to pursue an action against NextEra. However, the district court reasoned: "[The Shephards] had lost the ability to name NextEra as a defendant in the underlying litigation and the right to pursue discovery

---

[3] The Shephards cite the same cases in support of their argument that they could not have brought this suit prior to the Louisiana Supreme Court's denial of St. Paul's writ of appeal because their claims would have been dismissed as premature. We find this argument unpersuasive given that the cases they cite involve excess judgments in failure-to-settle claims by insureds against insurers.

regarding the JOA in the underlying litigation. These damages were independent of any additional damages Plaintiffs could eventually quantify with certainty upon successfully defending their jury verdict on appeal and were thus actual and appreciable at the time Plaintiffs discovered the misrepresentation and saw the JOA." We observe no error in this reasoning.

Thus, we hold that the district court did not err in dismissing the Shephards' claims because they were prescribed.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM the district court's order granting St. Paul's motion and dismissing the Shephards' suit.