194 So.2d 713

Wilson **ROBERIE**

**v.**

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.**

No. 48259.

Jan. 16, 1967.

Rehearing Denied Feb. 20, 1967.

Fusilier, Pucheu & Soileau, Ville Platte, Joseph A. Gladney, Baton Rouge, for plaintiff-appellee and applicant.

Robert J. Vandaworker, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendant-appellant-respondent.

HAMLIN, Justice:

Limited certiorari was directed to the Court of Appeal, First Circuit, in order that we might review that part of its judgment (185 So.2d 619) which reduced by $2,000.00 the $7,000.00 award of the trial court to plaintiff. Art. VII, Sec. 11, La.Const. of 1921; 249 La. 483, 187 So.2d 450. In Assignment of Error No. 3 in application for certiorari, plaintiff-relator contended that the Court of Appeal erred in its reduction of the award; we have limited our review to said Assignment.

Wilson Roberie brought the instant suit against his insurer, Southern Farm Bureau Casualty Insurance Company, alleging that it was guilty of bad faith and negligence.

He prayed for recovery of the excess over the maximum limits of his policy which he had to pay as a result of the decision in the case of Pitre v. Roberie, La.App., 117 So. 2d 74; he also prayed for attorneys' fees, which were denied by both the trial court and the Court of Appeal.

The facts of record disclose that defendant issued a public liability insurance policy with limits of ten and twenty thousand dollars to plaintiff covering a Ford truck employed by him in his farming business. An employee of Roberie was involved in an automobile collision, as a result of which Mrs. Leroy P. Pitre was killed and several persons injured. Suit for damages was filed in St. Landry Parish against Wilson Roberie and his insurer, Southern Farm Bureau Casualty Insurance Company, and Diesi Pontiac-Cadillac, Inc. and its insurer, Hanover Fire Insurance Company. The matter resulted in a finding that the liability for the accident rested with the driver of Roberie's truck. All claims against Diesi Pontiac-Cadillac, Inc. and Hanover Fire Insurance Company were dismissed. After appeal, final judgment for some $28,000.00 was awarded plaintiffs. Pitre v. Roberie, La.App., 117 So.2d 74.

In settlement of the judgment in the Pitre case, Southern Farm Bureau Casualty Insurance Company paid $20,000.00; Roberie compromised his $8,000.00 liability for $7,000.00, the basis of the instant proceeding.

In its reasons for judgment in the instant matter, the trial court stated:

"Before the trial [Pitre v. Roberie] the injured plaintiffs in the suit in St. Landry Parish made an offer to settle all claims for Twenty Thousand Dollars. The claims adjuster and the attorney for this defendant insurance company turned it down. The case was tried and appealed. The interest of the insurance company and the interest of the insured were in conflict and it was extreme bad faith for the insurance company to disregard the interest of the insured. It makes no difference how the money was to be allocated amongst the multiple claimants or on what theory the insurance company thought it could save some money by trying the case. The evidence in that case insofar as I can determine from the evidence here and the opinion of the Court of Appeal gave little hope of success in that regard. The case should have been settled for the Twenty Thousand Dollars. See Wooten v. Central Mutual Insurance Company [La. App.], 166 So. (2[d]) 747."

In the instant case, the Court of Appeal found no fault in defendant's ultimate decision to defend the lawsuits in the Pitre case, nor did it criticize the manner in which the cases were defended. It felt that defendant was not the insurer of the results of the litigation. The Court found that the most serious charge against the defendant was its failure to keep the insured informed of any offer of compromise. It found that the insurer failed to discharge a duty to the insured in not informing him of the policy position of a maximum coverage of $10,000.00 per person and in not informing him of the offers of compromise. It stated:

"The insurer, knowing the offer of settlement of $20,000 for settlement of the claims of all parties arising out of the accident included an amount in excess of its policy limits of $10,000 for the death of Mrs. Pitre, was under a duty to advise the insured of this fact. There arose the obligation, the duty, to communicate the offer of compromise to the insured for his consideration, and acceptance or rejection, and with legal aid and assistance, to consider the legal import of failing to settle for the portion of the compromise offer attributable to the death claim arising out of the death of Mrs. Pitre. The insurer's action in disregarding the rights of the insured to a consideration of this compromise offer was negligence—a breach of a duty owed to the insured.

"We find not an affirmative attitude on the part of the insurer to conceive a manner or way to connive a design against the insured to cause him a pecuniary loss, but rather an absence of discharge of a duty imposed by the law

between the parties, the contract of insurance.

"The insurer must consider the insured as he is. The insurer must deal with the insured subjectively. In this case, the insured was an illiterate person well known to the agent, Mr. Whitney. It was the obligation of the insurer to be sure the insured knew his exposure to liability and his involvement in the Pitre suit."

The Court of Appeal stated definitely that it found liability based on negligence on the part of the insurer; it stated, "There is no showing of fraud or bad faith within the intendment of LSA–C.C. Article 1934."

Having read the evidence, we conclude that the Court of Appeal correctly found from the facts that Roberie was willing to compromise the judgment of the trial court in the Pitre case for $2,000.00 over the limit of the policy of insurance. However, it did not state that the offer was rejected before an appeal was taken, which appeal resulted in an increase of several thousand dollars in the award. The Court of Appeal nonetheless believed that justice demanded that defendant be granted a credit for the $2,000.00 plaintiff was willing to pay in compromise of the Pitre case.

We denied the application of Southern Farm Bureau Casualty Insurance Company for certiorari (249 La. 476, 187 So.2d 447) stating, "On the issue of applicant's legal liability, the result reached by the Court of Appeal is correct."

Herein, the insurer argues that the jurisprudence of Louisiana is uniform in holding that a liability insurer can be held responsible to its insured in damages only where its handling of the case in which an excess judgment is rendered is in bad faith. It states that there is absolutely no precedent in Louisiana for the decision in the instant case, insofar as the decision of the Court of Appeal is based upon a finding that the insurer was not in bad faith but was only negligent. The insurer feels and urges that once the Court of Appeal found that it was not guilty of any bad faith in the handling of the Pitre litigation, the court was legally bound to reverse the trial court judgment in favor of the insurance company. The insurer relies on Davis v. Maryland Casualty Co., 16 La.App. 253, 133 So. 769, and New Orleans & C. R. Co. v. Maryland Casualty Co., 114 La. 153, 38 So. 89, 6 L.R.A., N.S., 562.

█ Defendant's application for certiorari having been denied, the $5,000.00 judgment rendered against it by the Court of Appeal is final. However, since the Court of Appeal reduced a $7,000.00 judgment to $5,000.00 and the $2,000.00 reduction is a part of the whole, we find that in determining whether the reduction was correct we can likewise determine whether the liability was correctly based on negligence.

The record in effect discloses that Wilson Roberie is a man of little schooling. According to his own testimony, he went to the third grade and he cannot read; he testified, however, that he conducts a sizeable farm and also trains horses.

After being served in the Pitre case, Roberie was informed by his insurer's agent that the insurance company would handle the matter and he did not have to worry.

The record further discloses that the insurer's State Claims Manager received an offer to settle all claims resulting from the accident for $20,000.00, which he refused. There is further evidence that the Claims Manager refused to compromise the claim of Mrs. Pitre's children for an amount above the policy limits. This offer was not communicated to Roberie. An offer was made by plaintiffs to settle their claims or to compromise for $20,000.00 on the day trial commenced; this offer was not communicated to Roberie and was ultimately refused by the Claims Manager to whom it was communicated by the Company's attorney.

Roberie was not present during the trial of the Pitre case which lasted for several days; he had been told, by either the insurer's attorney or a representative of the insurer, that his presence was not required at the trial and that he could attend to his horse training in New Orleans.

After trial in the Pitre case, Roberie was advised of the judgment and was informed that an excess over the policy limitations was due by him. The events with respect to that case then ensued and concluded, as stated supra, with Roberie's having to pay the excess of $7,000.00. He thereafter instituted the instant suit.

■ A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case. Under the terms of the instant insurance policy, the insurer had a right to "defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient * * *." Insuring Agreement, II(a). The policy provided for assistance and cooperation from the insured (Coverages A, B, D, E and E-1) as follows:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident." Conditions, 17.

■ We agree with the Court of Appeal that there was no bad faith on the part of the Insurance Company in not compromising the claims filed against it in the Pitre case. It acted within the terms of its insurance contract in proceeding to trial, and, under the facts supra, its actions could not be considered arbitrary, i. e., it preferred litigation to compromise. However, the insured, Roberie, was kept in the dark; he was never apprised of the offers of compromise nor warned of his potential liability; he was ignored. He needed information and advice on the point of his potential liability, which he was not given by his representative, his insurer. A conflict of interest arose between the insurer and the insured. The insurer failed to discharge its duty towards its insured, thereby precluding any decisive action on his part. We find that the actions of Southern Farm Bureau Casualty Insurance Company towards Roberie were more than negligent; they were in bad faith and in utter disregard of Roberie's natural desire to protect himself from financial loss. Cf., Wooten v. Central Mutual Insurance Company, La.App., 166 So.2d 747; Allstate Insurance Co. v. Atlantic Mutual Ins. Co., La.App., 187 So.2d 774; 40 A.L.R.2d 168; 39 Tul.L.Rev. 368; Younger v. Lumbermens Mutual Casualty Company, La.App., 174 So.2d 672; American Fidelity & Casualty Co. v. Greyhound Corp., 5 Cir., 258 F.2d 709; Fidelity and Casualty Company of New York v. Robb, 5 Cir., 267 F.2d 473;

American Mut. Liability Ins. Co. v. Cooper, 5 Cir., 61 F.2d 446; Jessen v. O'Daniel, D.C., 210 F.Supp. 317; Radio Taxi Service, Inc. v. Lincoln Mut. Ins. Co., 31 N.J. 299, 157 A.2d 319; Tennessee Farmers Mutual Insurance Company v. Wood, 6 Cir., 277 F.2d 21; 45 C.J.S. Insurance § 936(b), p. 1069; Vol. 7A, Appleman, Insurance Law and Practice, Sec. 4712.

Because of our finding that Southern Farm Bureau Casualty Insurance Company was in bad faith, it is not necessary that we discuss its contentions with respect to negligence. The cases cited by it are not apposite to the instant matter.

As there must be at least two parties to every contract, so must there be something proposed by one and accepted and agreed to by the other to form the matter of such contract; the will of both parties must unite on the same point. Art. 1798, West's LSA–C.C. When one party proposes and the other assents, then the obligation is complete. See, Art. 1803, West's LSA–C.C. Before the Pitre case was appealed, Roberie was willing to pay $2,000.00 in compromise of the excess judgment; his offer was not accepted. Thus, there was neither a completed contract nor an agreement which could be enforced by law. When the Pitre case was appealed, Roberie's offer no longer existed.

■ Roberie's willingness to pay $2,-000.00 in compromise of the excess judgment in the Pitre case had no effect on the

ultimate judgment on appeal. Therefore, in the instant matter, he cannot be bound by a prior offer which had not been accepted and had faded into nothingness. We cannot find that justice demands a $2,000.-00 reduction of the trial court's judgment herein. Roberie paid $7,000.00 in the Pitre matter and, because of the bad faith found supra, is entitled to recovery from his insurer.

For the reasons assigned, the judgment of the Court of Appeal, First Circuit, insofar .as it reduced to the sum of $5,000.00 the award of the trial court to plaintiff, is reversed and set aside; the judgment of the trial court is affirmed. All costs to be paid by defendant.