# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #45

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the 22nd day of October, 2019, are as follows:

**BY JOHNSON, C.J.:**

*2019-CC-00052*    *BEVERLY SMITH VS. CITADEL INSURANCE COMPANY AS SUCCESSOR TO GRAMERCY INSURANCE COMPANY AND GOAUTO INSURANCE COMPANY (Parish of East Baton Rouge)*

For the above reasons, we hold an insurer's duty of good faith owed to its insured under La. R.S. 22:1973 does not exist separate and apart from an insurer's contractual obligations. The duty of good faith is codified in La. R.S. 22:1973, but this duty is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties. Thus, first-party bad faith claims against an insurer are governed by the ten-year prescriptive period set forth in La. C.C. art. 3499. Consequently, Ms. Smith's first-party bad faith claim against GoAuto, brought pursuant to an assignment of rights from the insured, was subject to a 10-year prescriptive period and is not prescribed. The district court correctly overruled GoAuto's exception of prescription.

AFFIRMED.

Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, appointed as Justice pro tempore, sitting for the vacancy in the First District.

Retired Judge Michael Kirby appointed Justice ad hoc, sitting for Clark, J.

Weimer, J., concurs in the result and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2019-CC-00052

BEVERLY SMITH

VS.

CITADEL INSURANCE COMPANY AS SUCCESSOR TO GRAMERCY INSURANCE COMPANY AND GOAUTO INSURANCE COMPANY

ON SUPERVISORY WRIT TO THE 19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE

**JOHNSON, Chief Justice**[1]

We granted this writ application to determine whether a first-party bad faith claim against an insurer is a delictual action subject to a one-year prescriptive period, or whether it is a contractual claim subject to a ten-year prescriptive period. Finding the bad faith claim arises as a result of the insured's contractual relationship with the insurer, we hold it is subject to a 10-year prescriptive period.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from a suit filed by plaintiff, Beverly Smith, against Darlene Shelmire and her insurer, GoAuto Insurance Company ("GoAuto"),[2] as a result of an automobile accident on July 27, 2010. On February 26, 2015, following a trial on the merits, the district court entered judgment in favor of plaintiff against Ms. Shelmire and GoAuto in an amount in excess of the insurance policy limits. The judgment was noticed and mailed to all counsel on March 5, 2015. GoAuto

---

[1] Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, appointed as Justice pro tempore, sitting for the vacancy in the First District. Retired Judge Michael Kirby appointed Justice ad hoc, sitting for Justice Clark.

[2] Gramercy Insurance Company was initially named as a defendant. Citadel Insurance Company, doing business as GoAuto Insurance Company, was deemed the legal successor to Gramercy. For the sake of convenience, we will refer to the insurers collectively as "GoAuto."

devolutively appealed that judgment, but Ms. Shelmire did not file an appeal. The court of appeal ultimately affirmed the district court's judgment on March 10, 2016. Thereafter, Ms. Shelmire assigned her rights to pursue a bad faith action against GoAuto to Ms. Smith.

Through her assignment of rights, Ms. Smith filed the instant suit against GoAuto on March 10, 2017, and amended her petition on September 27, 2017, asserting a bad faith claim based on GoAuto's violation of its duties under La. R.S. 22:1973(A) as well as the jurisprudentially recognized duty of good faith pre-existing the statute. GoAuto answered the petitions and subsequently filed an exception of prescription. In its exception, GoAuto argued the prescriptive period for a bad faith claim against an insurer is a delictual action and is subject to a one-year prescriptive period. Plaintiff opposed the exception arguing a bad faith claim against an insurer is a contractual action and subject to a ten-year prescriptive period.

Following a hearing, the district court overruled GoAuto's exception of prescription, reasoning in part:

> The Court, after consideration of the arguments of counsel, along with what's been submitted to the Court, and the Court's review of the jurisprudence on the issue, finds that the nature of the duty of the insurer to its insured or the assignee of the insured is a contractual duty; and - - and, therefore, the claim for breach of contractual duties the insurer owes to an insured under 22:1973 is subject to the ten-year prescriptive period. Court's going to deny the exception.

GoAuto sought review of the district court's judgment, and the court of appeal denied writs on the showing made. *Smith v. Citadel Ins. Co.*, 18-1227 (La. App. 1 Cir. 12/10/18) (unpublished).[3] GoAuto filed a writ application with this court, which we granted. *Smith v. Citadel Ins. Co.*, 19-0052 (La. 5/20/19), 271 So. 3d 203.

## DISCUSSION

---

[3] Judge McClendon dissented, indicating she would refer the matter for *en banc* consideration.

2

As an initial matter, we briefly address GoAuto's argument that Ms. Smith does not have a cause of action. Citing *King v. Illinois Nat. Ins. Co.*, 08-1491 (La. 4/3/09), 9 So. 3d 780, GoAuto argues the right to file a lawsuit is a strictly personal right, creating a strictly personal obligation, and thus cannot be assigned pursuant to La. C.C. art. 2642 ("All rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor."). GoAuto concedes it did not raise this issue in the lower courts, nor did it assign this issue as error in its writ application to this court. Ordinarily we would refuse to consider an issue raised for the first time in this court, however this court has previously explained:

> An appellate court has the right to consider an issue even though there was no assignment of error in that regard. *See* La. C.C.P. art. 2164, comment (a) ("an appellate court [has] complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below."); *Georgia Gulf Corp. v. Board of Ethics*, 96-1907 (La. 5/9/97), 694 So. 2d 173, 176; *Safeway Insurance Co. of Louisiana v. State Farm Mut. Auto. Ins. Co.*, 36,853 (La. App. 2 Cir. 3/5/03), 839 So.2d 1022, 1027; *Wheeler v. Kelley*, 28,379 (La. App. 2 Cir. 11/7/95), 663 So. 2d 559, 561, *writ denied*, 95-2721, 664 So. 2d 404 (La.1995).

*Wegener v. Lafayette Ins. Co.*, 10-0810 (La. 3/15/11), 60 So. 3d 1220, 1232, n. 11. We also recognize that an exception of no cause of action can be noticed by an appellate court on its own motion. La. C.C.P. art. 927; *see also Langsford v. Flattman*, 03-0189 (La. 1/21/04), 864 So. 2d 149, 151. Since we have freedom to do justice on the record, irrespective of whether the issue was raised in the lower courts or whether there was an assignment of error, we have examined whether Ms. Smith has a cause of action and find that issue has no merit. First, GoAuto's reliance on *King* is misplaced. *King* considered whether an individual's unexercised right to institute litigation through the filing of a lawsuit could be involuntarily seized by a writ of *fieri facias*. *King* did not involve a voluntary assignment of rights. Moreover,

this court in *King* specifically declined to address whether an unexercised right to institute a lawsuit could be assigned, as that issue was not before the court. *King*, 9 So. 3d at 786. La. C.C. art. 2642 allows for the assignment of all rights, except those "pertaining to obligations that are strictly personal." Following *King*, this court implicitly recognized that the assignment of an insured's cause of action resulting from the insurer's bad faith is permissible under Article 2642. *Kelly v. State Farm Fire & Cas. Co.*, 14-1921 (La. 5/5/15), 169 So. 3d 328, 334. In *Kelly*, this court answered two certified questions related to an insurer's liability under La. R.S. 22:1973.[4] In so doing, we referenced La. C.C. art. 2642 and explained the plaintiff, Kelly, had been assigned the insured's causes of action (resulting from an excess judgment against the insured):

> [W]e must emphasize that Kelly does not seek to recover directly for his own damages. Instead, Kelly has been assigned [the insured's] causes of action, as might have been available to [the insured], for State Farm's actions which allegedly subjected [the insured] to the judgment in excess of [the insured's] insurance policy limits. Therefore, the causes of action asserted by Kelly are not those of a third-party claimant, but rather those of an insured.

*Kelly*, 169 So. 3d at 334, 335 n. 24. Thus, we find Ms. Shelmire's right to file a lawsuit against GoAuto could be validly assigned to Ms. Smith pursuant to Article 2642.[5]

As a final preliminary matter, we reject Ms. Smith's argument that this court need not reach the legal issue of whether a ten-year or a one-year prescriptive period applies in this case. According to Ms. Smith, her suit was timely even if filed under

---

[4] *See infra* for full statutory text.

[5] *See also*, *Pontchartrain Gardens, Inc. v. State Farm General Ins. Co.*, 2009 WL 86671, *5 (E.D. La. 2009); *Steirwald v. Phoenix Ins. Co.*, 2001 WL 617542, *3 (E.D. La. 2001); *Johno v. Doe*, 15-0737 (La. App. 4 Cir. 3/9/16), 187 So. 3d 581, 583; *Falco-Lime, Inc. v. Plaquemine Contracting Co., Inc.*, 95-1784 (La. App. 1 Cir. 4/4/96), 672 So. 2d 356, 360; *Maryland Cas. Co. v. Dixie Ins. Co.*, 622 So. 2d 698, 700–01, 703 (La. App. 1st Cir. 1993); *Keith v. Comco Ins. Co.*, 574 So. 2d 1270, 1275–76 (La. App 2nd Cir. 1991); *Younger v. Lumbermens Mut. Cas. Co.*, 174 So. 2d 672, 674 (La. App. 3rd Cir. 1965); *Wood v. Zor, Inc.*, 154 So. 2d 632, 635 (La. App. 4th Cir. 1963).

a one-year prescriptive period because she brought suit within one year of the accrual of her cause of action. Ms. Smith contends her cause of action did not accrue until GoAuto's asserted policy defense was finally resolved when the court of appeal affirmed the district court's judgment on March 10, 2016. We disagree. In this case, judgment was entered on February 26, 2015. The notice of judgment was mailed on March 5, 2015. La. C.C.P. art. 2123 provides, in relevant part, that a suspensive appeal must be taken within thirty days of the expiration of the delay for applying for a new trial. Thus, in this case, the deadline to file a suspensive appeal expired on April 15, 2015. Ms. Shelmire did not appeal the judgment against her. GoAuto filed a *devolutive* appeal pursuing its coverage defenses. Liberative prescription commences when injury or damage is sustained. La. C.C. art. 3492. After the delay for a suspensive appeal has elapsed, a judgment creditor is entitled to execute on the judgment. La. C.C.P. art. 2252. Thus, after April 15, 2015, the excess judgment against Ms. Shelmire could have been enforced against her at any time. GoAuto's pending devolutive appeal did not prevent the judgment against Ms. Shelmire from becoming executory. Ms. Shelmire suffered injury when she was exposed to an excess judgment. *See Mathies v. Blanchard*, 06-0559 (La. App. 1 Cir. 2/21/07), 959 So. 2d 986, 988–89. We hold that Ms. Shelmire's bad faith action (and thus Ms. Smith's action, by assignment) accrued on April 15, 2015, when Ms. Shelmire, as the judgment debtor, was exposed to an excess judgment. Ms. Smith's suit, filed on March 10, 2017, was not timely under a one-year prescriptive period.

We now move on to consider the primary legal issue before this court—the proper prescriptive period applicable to a first-party bad faith claim against an insurer. Questions of law are reviewed *de novo*, with the judgment rendered on the record, without deference to the legal conclusions of the tribunals below. *Wooley v.*

*Lucksinger*, 09-0571 (La. 4/1/11), 61 So. 3d 507, 554. All personal actions, including an action on a contract, are subject to a liberative prescription of ten years, unless otherwise provided by legislation. La. C.C. art. 3499; *Roger v. Dufrene*, 613 So. 2d 947, 948 (La. 1993). Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. The nature of the duty breached determines whether the action is in tort or in contract. *Roger*, 613 So. 2d at 948; *Dean v. Hercules, Inc.*, 328 So. 2d 69, 70 (La. 1976). "The classic distinction between damages *ex contractu* and damages *ex delicto* is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons." *Thomas v. State Employees Grp. Benefits Program,* 05-0392 (La. App. 1 Cir. 3/24/06), 934 So. 2d 753, 757. *See also*, *Certain Underwriters at Lloyd's, London v. Sea–Lar Mgmt.*, 00-1512 (La. App. 4 Cir. 5/9/01), 787 So. 2d 1069, 1074; 6 Saul Litvinoff & Ronald J. Scalise Jr., *Louisiana Civil Law Treatise*, *Law of Obligations* § 5.2 (2d ed. 2018) ("Fault is contractual when it causes a failure to perform an obligation that is conventional in origin, that is, an obligation created by the will of the parties, while fault is delictual when it causes the dereliction of one of those duties imposed upon a party regardless of his will, such as a duty that is the passive side of an obligation created by the law.").

Ms. Smith brought a bad faith claim against GoAuto pursuant to an assignment of rights from the named insured. Thus, the causes of action asserted by Ms. Smith are those of an insured. Louisiana courts have long recognized that an insurer owes its insured a duty of good faith. *See, e.g.*, *Roberie v. S. Farm Bureau Cas. Ins. Co.*, 250 La. 105, 194 So. 2d 713 (La. 1967) (recognizing the responsibility of a liability insurer to deal in good faith with a claim against its insured); *Davis v. Maryland Cas. Co.*, 133 So. 769 (La. App. 2nd Cir. 1931) (recognizing an insurer's duty to respond

6

to settlement offers in good faith). In *Holtzclaw v. Falco, Inc.*, this court explained:

> It is generally accepted that an insurer must carefully consider the interests of its insured, instead of only consulting its own self-interests, when handling and settling claims in order to protect the insured from exposure to excess liability. While the nature of the insurer's obligations toward the insured is not clearly defined, this Court has recognized that a liability insurer owes its insured a minimum duty to act in good faith and to deal fairly. Some Louisiana court of appeal decisions indicate the imposition of a greater duty based upon a combined requirement to act in good faith and to use reasonable care and skill in settlement of claims. Language in one appellate opinion and a scholarly writing suggest the insurer should be regarded as a fiduciary or a mandatary responsible not only for unfaithfulness in management of claims but also for his fault or neglect.

355 So. 2d 1279, 1283–84 (La. 1977). The insurer's duty to act in good faith includes the duty to deal fairly in handling claims. *Smith v. Audubon Ins. Co.*, 95-2057 (La. 9/5/96), 679 So. 2d 372, 376. Additionally, this court has stated that "... in every case, the insurance company is held to a high fiduciary duty to discharge its policy obligations to its insured in good faith—including the duty to defend the insured against covered claims and to consider the interests of the insured in every settlement." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 423 (La. 1988).

La. R.S. 22:1973[6] was enacted in 1970 and provides, in relevant part:

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an

---

[6] Renumbered from R.S. 22:1220 by 2008 La. Acts 415, § 1.

application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

In *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So. 2d 184, this court considered the proper interpretation and application of La. R.S. 22:1220 (now La. R.S. 22:1973), relative to the rights of third-party claimants under the statute. In discussing the duties imposed on the insurer by the statute, this court stated "[t]he first sentence of Subsection A of the statute recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and insurer." 694 So. 2d at 187. Further, in explaining the extent to which insureds and third-party claimants could pursue damages and penalties under the statute, this court stated:

While this court has never defined the precise basis of the duties owed by an insurer to its insured, we have held that they are fiduciary in nature and include the duty to discharge policy obligations to the insured in good faith, to defend the insured against covered claims and to consider the interests of the insured as paramount in every settlement. *Pareti v. Sentry Indemnity Co.*, 536 So.2d 417, 423 (La.1988). It is generally agreed that an insurer's duties run primarily in favor of its insured as an outgrowth of duties that have their foundation in the contract between the parties. It is the relationship of the parties that gives rise to the implied covenant of good faith and fair dealing. The relationship between the insurer and third-party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. For that

8

reason, a cause of action directly in favor of a third-party claimant against a tort-feasor's insurer is not generally recognized absent statutory creation.

*Id.* at 193.

In *Kelly*, *supra,* we again focused on the relationship between the insurer and the insured to explain the different application of La. R.S. 22:1973 to insureds and to third parties. This court stated third parties have no cause of action under La. R.S. 22:1973(A), but noted La. R.S. 22:1973(B) "contains an exclusive list of actionable breaches of those duties for which third-party claimants can recover." 169 So. 3d at 335. In finding only an insured has a cause of action under La. R.S. 22:1973(A), we relied on our rationale in *Theriot* that "the first sentence of Subsection A of the statute recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and insurer." *Id*. at 336 (citing *Theriot*, 694 So. 2d at 187). Additionally, we acknowledged the reasoning in *Stanley v. Trinchard*, 500 F.3d 411 (5th Cir. 2007), in which the federal court explained "[i]nasmuch as it is not the statute that creates the insured's cause of action against the insurer, the bases for an *insured's* cause of action for a breach of the implied covenant of good faith and fair dealing are not limited to the prohibited acts listed in La. R.S. 22:[1973](B)." *Id*. (quoting *Stanley*, 500 F.3d at 427).

Although the duty of good faith owed by the insurer to the insured is codified in La. R.S. 22:1973, the bad faith cause of action by an insured against the insurer does not rest solely on this statute. *Gourley v. Prudential Prop. & Cas. Ins. Co.*, 98-0934 (La. App. 1 Cir. 5/14/99), 734 So. 2d 940, 945 (citing *Smith v. Audubon Insurance Company*, 94-1571 (La. App. 3 Cir. 5/3/95); 656 So. 2d 11, 14, *rev'd on other grounds*, 95-2057 (La. 9/5/96), 679 So. 2d 372). The duty of good faith is an

outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties. In the absence of a contractual obligation, the duty of good faith does not exist. *See* La. C.C. art. 1759 ("Good faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation."); La. C.C. art. 1983 ("Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith."). Because we find an insurer's bad faith is a breach of its contractual obligation and fiduciary duty, we hold the insured's cause of action is personal and subject to a ten-year prescriptive period. *See also* 15 William McKenzie & H. Alston Johnson, *Louisiana Civil Law Treatise: Insurance Law and Practice* § 11:25 (4th ed. 2018) ("Unless otherwise provided by statute, claims under the penalty statutes prescribe in ten years.").

Our decision is in line with the majority of jurisprudence from our state appellate courts and the federal courts which have considered the proper prescriptive period for actions under the insurance penalty statutes. In 1989, the First Circuit applied a ten-year prescriptive period to an insured's action against the insurer for penalties under La. R.S. 22:658 (now La. R.S. 22:1892[7]) in *Cantrelle Fence and Supply Co. v. Allstate Insurance Co.*, 550 So. 2d 1306, 1308 (La. App. 1st Cir. 1989), *writ denied*, 559 So. 2d 123 (La. 1990) ("[f]inding no other prescriptive period specifically established for La. R.S. 22:658 actions, we apply the prescriptive period of ten years, established by La. [Civ. Code] art. 3499."). Similarly, in 1991, the Second Circuit found a ten-year prescriptive period was applicable to an insured's (by assignment of rights) bad faith failure to settle claim against the insurer under La.

---

[7] The statute generally imposes penalties for an insurer's failure to timely adjust and pay claims.

R.S. 22:1220 (now La. R.S. 22:1973). *Keith v. Comco Insurance Co.*, 574 So. 2d 1270, 1276 (La. App. 2nd Cir. 1991), *writ denied*, 577 So. 2d 16 (La. 1991) ("An action against an insurer for failure to defend a claim or settle within policy limits is in contract. It therefore prescribes in 10 years. La. [Civ. Code] art. 3499." (Internal citation removed)); *see also We Sell Used Cars, Inc. v. United National Insurance Co.*, 30,671 (La. App. 2 Cir. 6/24/98), 715 So. 2d 656.

However, in 1993, the First Circuit issued an opinion in *Zidan v. USAA Property and Casualty Insurance Co.*, 622 So. 2d 265 (La. App. 1st Cir. 1993), *writ denied*, 629 So. 2d 1138 (La. 1993). In *Zidan*, the plaintiff (guest passenger) filed suit against the tortfeasor and his insurer, as well as the driver of the vehicle in which he was a passenger and his insurer, Liberty Lloyds, a year and a day after the accident. The district court sustained Liberty Lloyds' exception of prescription. On appeal, the plaintiff argued his claim was not prescribed because the doctrine of *contra non valentem* should apply based on Liberty Lloyds' misrepresentation and concealment of coverage in violation of La. R.S. 22:1220 (now La. R.S. 22:1973). The court of appeal affirmed the district court's sustaining the exception of prescription, concluding the facts supported the district court's finding that plaintiff did not exercise reasonable diligence in seeking the relevant information. Although the First Circuit did not directly address or analyze the issue of the proper prescriptive period applicable to a bad faith claim, by rejecting the *contra non valentem* argument and affirming the district court's sustaining the peremptory exception of prescription, the appellate court effectively applied a one-year prescriptive period to the plaintiff's claim under La. R.S. 22:1220 [now La. R.S. 22:1973]. 622 So. 2d at 268.

More recently, the issue was considered by the Third Circuit in *Fils v. Starr Indem. & Liab. Co.*, wherein the court held, on rehearing, that "the appropriate

11

prescriptive period for bad faith claims arising out of a contract of insurance is the ten-year prescriptive period found in La. Civ. Code art. 3499." 17-896 (La. App. 3 Cir. 5/9/18), 263 So. 3d 1157, 1163, *on reh'g* (2/4/19). In its original opinion, the court relied on *Zidan* to affirm the district court's judgment that a one-year prescriptive period applied to an insured's bad faith claims against the insurer. However, on rehearing, the court found that was error because *Zidan* was distinguishable as the plaintiff in that case was a third-party claimant and not a party to the contract of insurance. *Id.* at 1169. In holding the ten-year prescriptive period applied, the court, on rehearing, reasoned in part:

> An insured's claim for bad faith ordinarily is based upon the obligation that arises from the relationship between the insurer and insured. Plaintiff argues because bad faith claims are derived from contractual obligations and fiduciary duties owed by the insurer pursuant to the contract of insurance between the parties, they are appropriately governed by the ten-year prescriptive period which governs contracts.
>
> \*\*\*
>
> It follows, but for the existence of the insurance contract between [the insured] and [the insurer], there would be no claim. Likewise, all obligations of [the insurer] in this case originate and flow from the insurance contract.
>
> \*\*\*
>
> Because any bad faith on an insurer's part is a breach of a contractual duty, it necessarily follows the cause of action is personal and subject to the ten-year prescriptive period found in La. Civ. Code art. 3499. Louisiana Civil Code Article 1759 provides that "[g]ood faith shall govern the conduct of the obligor and obligee in whatever pertains to the obligation." Thus, the breach of the duty of good faith, which the insurer owes, is the breach of an obligation that flows from the insurance contract.

*Id.* at 1166–67.

The Louisiana federal courts are split on the issue. The Federal District Court for the Eastern District of Louisiana has applied a one-year prescriptive period to these claims, primarily relying on *Zidan*. In *Brown v. Protective Life Insurance Co.*, 353 F.Supp. 2d 739, 743 (E.D. La. 2004), the court, citing *Zidan*, found an insured's claims against the insurer alleging fraudulent behavior under La. R.S. 22:1220 (now

12

La. R.S. 22:1973) is subject to a one-year liberative prescriptive period. *See also Naz, LLC v. United National Insurance Co.*, 2018 WL 3997299 (E.D. La. 2018) (acknowledged the law is unsettled regarding whether an insured's claim for an insurer's bad faith are subject to a prescriptive period of one or ten years, but noted courts in that district have consistently applied a one-year prescriptive period); *Ross v. Hanover Insurance Co.*, 2009 WL 2762713 (E.D. La. 2009) (applied a one-year prescriptive period to an insured's claim against the insurer under La. R.S. 23:1973, relying on *Brown* for jurisprudential support); *Harrell v. Fid. Sec. Life Ins. Co.*, 2008 WL 170269 (E.D. La. 2008) (citing *Brown*, held "a violation of [La. R.S. 22:1973] is delictual in nature and therefore subject to the one year prescriptive period.").

Conversely, the United States District Court for the Western District of Louisiana has found that a claim against an insurer for breach of the duty owed to its insured is subject to a ten-year prescriptive period. In *Aspen Specialty Insurance Co. v. Technical Industries, Inc.*, the court declined to follow the *Zidan* line of cases, noting *Zidan* involved a third-party claim, and concluded a ten-year prescriptive period applied to the bad faith claim against the insurer:

> It is logical that the claim by a third party to an insurance contract against an insurer would be classified as a tort and subject to the one-year prescriptive period for delictual actions, but it is not logical that a first-party claim, that is, a claim by an insured against its insurer, would be classified as a delictual claim. A first-party claim arises out of the relationship created by the insurance contract and, therefore, is either contractual or quasi-contractual in nature. Indeed, Section 1973 "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer." Both contractual and quasi-contractual claims are classified, under Louisiana law, as personal actions subject to a liberative prescription of ten years.

*Aspen Specialty Ins. Co.*, 2015 WL 339598, *2 (W.D. La. 2015). *See also Prudhomme v. Geico Ins. Co.*, 2015 WL 2345420 (W.D. La. May 14, 2015) (finding a first-party claim for bad faith under La. R.S. 22:1973 was a contractual claim

13

subject to 10-year prescriptive period).

The United States Fifth Circuit Court of Appeals has not expressly resolved the conflict in the federal courts. In *Belanger v. GEICO Gen. Ins. Co.*, 623 F. App'x 684 (5th Cir. 2015), the court applied a one-year prescriptive period to a first-party bad faith claim brought under La. R.S. 22:1220 (now La. R.S. 22:1973). In so ruling, the court noted there was authority in support of a ten-year prescriptive period but found the plaintiff had unequivocally waived that argument. Specifically, the plaintiff conceded in the district court that the one-year prescriptive period applied. The Fifth Circuit, finding our state court jurisprudence uncertain, held it could not grant plaintiff relief under plain error review. 623 F. App'x at 691.

Other than the cases relying on *Zidan*, the body of jurisprudence addressing this issue favors application of a ten-year prescriptive period to first-party bad faith claims. We endorse this jurisprudence, and particularly the reasoning of the Third Circuit in *Fils* (on rehearing). The federal cases applying a one-year prescriptive period have repeatedly relied on *Zidan*, which is easily distinguishable and thus not directly applicable. As noted by the federal court in *Aspen Specialty Ins. Co.* and recognized by the court in *Fils*, *Zidan* involved a bad faith claim asserted by a third party, not the insured. There is no contractual relationship between a third party and an insurer.[8]

Finally, we note our holding in this case is not inconsistent with our earlier opinions in *Durio v. Horace Mann Ins. Co.*, 11-0084 (La. 10/25/11), 74 So. 3d 1159, *Wegener v. Lafayette Ins. Co.*, *supra*, or *Manuel v. Louisiana Sheriff's Risk Management Fund*, 95-0406 (La. 11/27/95), 664 So. 2d 81. In those cases, this court made general statements that the duties of an insurer under La. R.S. 22:1220 (now La.

---

[8] As indicated, the plaintiff here, although not a party to the contract, was assigned the rights of a party to the contract at issue.

R.S. 22:1973) are separate and distinct from its duties under the insurance contract. However, none of those cases addressed the prescriptive period for bad faith claims, nor did those cases seek to ascertain the nature of the insurer's duty relative to a first-party bad faith claim.

In *Durio*, this court addressed the proper calculation of penalties under La. R.S. 22:1220 (now La. R.S. 22:1973). In so doing, this court stated that La. R.S. 22:1220 refers to a breach of the duty of good faith and fair dealing, not a breach of the insurance contract. 74 So. 3d at 1170. Our holding in *Durio* was based on the premise that it is a violation of the statute, not a breach of the insurance contract, which triggers the statutory penalty provision. Our opinion did not address prescription of bad faith claims, and did not consider the underlying nature of a bad faith action.

In *Wegener*, this court considered whether La. C.C. art. 1998, which would require an obligee to prove an obligor intended to aggrieve them in order to recover nonpecuniary damages, was applicable to an action against an insurer under La. R.S. 22:1220 (now La. R.S. 22:1973) for emotional distress/mental anguish. In holding Article 1998 was not applicable, this court stated that the insureds' claim for mental distress did not arise from a breach of their insurance contract, rather it was based on the insurer's alleged violation of its statutory duty under La. R.S. 22:1220 (now La. R.S. 22:1973). 60 So. 3d at 1229. *Wegener* addressed particular damages authorized by La. R.S. 22:1220 (now La. R.S. 22:1973), and nothing in that decision addressed or altered the underlying nature of the bad faith claim against an insurer as one rooted in contract.

Finally, in *Manuel*, this court considered whether La. R.S. 22:1220 (now La. R.S. 22:1973) could be applied regarding settlement proceeds of an insurance policy that was issued before the statute was enacted, when the bad faith conduct occurred

15

after the statute's effective date. In finding the statute applicable, this court held there was no contractual impairment, noting the subject matter of the statute was unrelated to that of the contract. However this court went on to explain:

> [T]he statute provides a method by which insured and non-insured claimants can recover for damages caused by insurers. R.S. 22:1220 merely provides a means by which insured and third-party claimants can exercise their rights under insurance policies "executed for the benefit of all injured persons." R.S. 22:655(D). Because of this public policy, La. R.S. 22:1220 is remedial in nature and applicable to all pre-existing insurance policies.

*Manuel*, 664 So. 2d at 85. Nothing in *Manuel* dictates we reach a different result in this case.

## CONCLUSION

For the above reasons, we hold an insurer's duty of good faith owed to its insured under La. R.S. 22:1973 does not exist separate and apart from an insurer's contractual obligations. The duty of good faith is codified in La. R.S. 22:1973, but this duty is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties. Thus, first-party bad faith claims against an insurer are governed by the ten-year prescriptive period set forth in La. C.C. art. 3499.[9] Consequently, Ms. Smith's first-party bad faith claim against GoAuto, brought pursuant to an assignment of rights from the insured, was subject to a 10-year prescriptive period and is not prescribed. The district court correctly overruled GoAuto's exception of prescription.

## DECREE

**AFFIRMED.**

---

[9] The issue of the proper prescriptive period for third-party bad faith claims against an insurer is not before the court, and our opinion does not purport to address that issue.

16

10/22/19

**SUPREME COURT OF LOUISIANA**

**No. 2019-CC-00052**

**BEVERLY SMITH**

**VERSUS**

**CITADEL INSURANCE COMPANY AS SUCCESSOR TO GRAMERCY INSURANCE COMPANY AND GOAUTO INSURANCE COMPANY**

*ON SUPERVISORY WRITS TO NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE*

**WEIMER, J.**, concurs.

I concur in the result in this case. I write separately to question the majority's discussion of Ms. Smith's claim that her suit was filed within one year of the accrual of her cause of action, as I believe this discussion is dicta. **Smith v. Citadel Insurance Company as Successor to Gramercy Insurance Company and GoAuto Insurance Company**, 19-0052, slip op. pp. 4-5 (La. __/__/19). Because the majority correctly holds that the applicable prescriptive period is the ten-year period set forth in La. C.C. art. 3499, I believe it is unnecessary to address the thorny question of when Ms. Shelmire first suffered damages as a result of the excess judgment against her.